The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Mary Moore Hoag. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties:
STIPULATIONS
Plaintiff and defendant stipulated to the following:
 1. Medical records of Dr. Michael H. Bowman (13 pages).
 2. The neuropsychological evaluation of Thomas J. Harvin, Ph.D. (6 pages).
 3. The prior Opinion and Award by Deputy Commissioner Lorrie Dollar, filed on December 9, 1993.
4. Two additional pages of Dr. Michael H. Bowman's records.
 5. Pre-trial Agreement and stipulations filed on February 13, 1995.
 6. Two stipulated pages of medical records received May 2, 1995 from Dr. Bowman are hereby made a part of the evidentiary record.
The issues for consideration during the hearing are:
1. Is the plaintiff entitled to have continuing medical care paid by the defendant for her compensable injury suffered on April 30, 1991.
2. Is counsel for plaintiff entitled to attorney's fees and costs pursuant to N.C. Gen. Stat. § 97-88.1.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was a twenty-seven year old, high school educated female.
2. In April of 1991, plaintiff was an assistant store manager at The Pantry, working alone at night. Approximately forty-five minutes before closing time, two men entered the store and one of them struck plaintiff in the forehead and shot her four times with a stun gun. Following the assault, plaintiff was treated in the emergency room at Cape Fear Medical Center for a small bruise, abrasion and second degree burn to the forehead. She complained of a mild headache.
3. A hearing was held in this case on February 23, 1993, to determine plaintiff's claim for medical treatment and expenses, temporary total disability, permanent partial disability, and/or permanent total disability benefits.
4. Plaintiff was found to have suffered no permanent disability and no compensation for temporary total disability was awarded.
5. As a result of the Opinion and Award filed on December 9, 1993, by Lorrie M. Dollar, defendant was held responsible for any medical treatment which tended to effect a cure, give relief or lessen the plaintiff's disability as a result of her compensable injury by accident on April 30, 1991.
6. Plaintiff had not seen a physician for almost one and a half years prior to the entry of the Opinion and Award on December 9, 1993. Moreover, plaintiff did not seek medical attention subsequent to the filing of the Opinion and Award until April 12, 1994.
7. Plaintiff worked at Buy For Less from September 1992 through October 1994. Subsequent to October 1994, she has worked for her mother selling Mary Kay Cosmetics.
8. On April 12, 1994, plaintiff went to see Dr. Michael Bowman. She complained of dull, aching discomfort, sometimes sharp, stabbing pain always located in the temporal region of the frontal area of her head. She also claimed memory loss, citing forgetfulness and reported that her boyfriend noticed something similar to convulsions while she slept. Dr. Bowman gave plaintiff a thorough physical exam and diagnosed her problem as symptomatic of chronic muscle contraction headaches. The muscle contraction headaches were not causally linked by Dr. Bowman to the compensable injury sustained by the plaintiff in 1991.
9. Dr. Bowman recommended formal testing to determine if plaintiff had sustained any level of cognitive impairment.
10. Plaintiff was further evaluated after having been referred to Neuropsychologist Thomas J. Harvin, Ph.D. on May 11, 1994. Dr. Harvin could find no evidence of cognitive impairment and suggested that plaintiff's occasional poor scores on tests were due to a combination of her poor school achievement and immaturity. He also noted that the plaintiff was dependent, anxious and impulsive. Dr. Harvin concluded that plaintiff's headaches were caused by sustained muscle tension. He did not relate the headaches, in any way, to plaintiff's compensable injury sustained April 30, 1991.
11. Plaintiff next requested to be treated by Dr. Allen Friedman. The request, which was initially denied by the defendant, was submitted by correspondence dated July 28, 1994, to the Executive Secretary of the Industrial Commission for an Order appointing Dr. Friedman as plaintiff's treating physician. In addition, plaintiff filed a Form 33 on August 11, 1994, requesting a hearing before the Commission citing noncompliance of the defendants with Deputy Commissioner Dollar's Opinion and Award.
12. The purpose of defendant's request for a hearing was to determine whether or not additional medical treatment in accordance with Deputy Commissioner Dollar's Opinion and Award is required by plaintiff. The Order of the Executive Secretary, which addresses plaintiff's condition, is central to the issues under consideration.
13. On August 15, 1994, the Executive Secretary Nick Davis, after commissioning an extensive review of the record by the Commission's medical consultant, opined that no medical evidence supported plaintiff's contention that her recurrent headaches were caused by her admittedly compensable injury, and thus there was no need for continued treatment as requested by plaintiff. Mr. Davis' Order is correct and appropriately made after diligent research and consultation. The Order which has its basis in the Findings of Fact in the Opinion and Award filed by Deputy Commissioner Lorrie Dollar, confronts the issues raised by plaintiff's reliance on multiple treating physicians in an apparent effort to be compensated for a condition unrelated to her compensable injury suffered in 1991. The request to have another medical opinion and a visit to a different physician is part of plaintiff's repetitive pattern in searching for different doctors and apparently different opinions regarding the cause of her headaches.
14. Despite the Executive Secretary's Order, plaintiff returned to Dr. Bowman on October 24, 1994, complaining of headaches and seeking an excuse from work. Dr. Bowman reiterated his diagnosis of her headaches as being of muscle contraction origin and denied a request for a work excuse. Dr. Bowman also suggested that it was inappropriate for him to continuing seeing plaintiff as his location is some distance from plaintiff's residence necessitating considerable commuting costs.
15. Nevertheless, plaintiff returned to see Dr. Bowman, under the false pretenses that she had been ordered by her attorney and the court to seek another evaluation of her migraine headaches. Plaintiff's neurologic examination was normal, as it had been from the outset of Dr. Bowman's treatment. Plaintiff's complaints were not related to her compensable injury of April 30, 1991.
16. Dr. Bowman attempted to discern causes other than muscle tension for plaintiff's migraine headaches by testing plaintiff for liver functions, taking extensive blood tests, performing an EEG and recommending that she see a dentist for bite block problems and extensive carries in her teeth. Results were negative.
17. There is no medical evidence to support plaintiff's contention that she requires additional medical treatment for her compensable injury of April 30, 1991.
18. Plaintiff has not introduced any evidence of causation between her injury and her headache complaints at the time of the hearing.
19. Plaintiff presented no affirmative evidence that the requested treatment and continued medical expenses were necessary to lessen plaintiff's disability, to effect a cure or to give relief from the compensable injury by accident on April 30, 1991. Plaintiff has failed to meet her burden of proof for showing the necessity of continued or additional medical treatment.
20. Four days before the scheduled hearing in February 1995, plaintiff attempted to cancel the hearing on the grounds that medical treatment had already been provided and paid for by defendant. The defendant demurred noting that there were issues to be determined in the hearing regarding the necessity of further treatment and plaintiff's request for fees and costs. The defendant was justified in refusing to cancel the hearing due to the fact that there were outstanding issues which had been raised by the actions of plaintiff. In fact, the behavior of plaintiff conflicted directly with the Order issued by the Commission herein upheld.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Absent a future change of condition, plaintiff is not entitled to additional medical treatment as a result of her compensable injury of April 30, 1991, in which she did not suffer any permanent disability by virtue of the fact that there is no competent medical evidence relating her current complaints to her compensable injury or suggesting that there is any need for further medical treatment. N.C. Gen. Stat. § 97-25.
2. The Order of the Executive Secretary of the Industrial Commission precluding plaintiff from seeking reimbursement for additional medical treatment is upheld.
3. Defendant was justified in going forward to resolve the controversy over plaintiff's need for additional treatment and the disparity between plaintiff's behavior and the Executive Secretary's Order. Plaintiff has failed to show otherwise.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff is not entitled to further medical treatment as a result of her compensable injury, absent a change of condition.
2. Defendant shall pay plaintiff's medical bills to 6 September 1995, the date of the filing of the Opinion and Award by Deputy Commissioner Mary Moore Hoag, but shall not be obligated to pay for future medical expenses absent a change of condition in the plaintiff.
3. Plaintiff's request for attorney's fees and expenses are DENIED, as the defendant were justified in bringing the issue of medical treatment to a hearing.
4. Defendant shall pay the costs.
 S/ __________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ __________________ THOMAS J. BOLCH COMMISSIONER
DISSENTING:
S/ __________________ COY M. VANCE COMMISSIONER
DCS:bjp